# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

WESTERN THRIFT & LOAN, a Nevada corporation,

    Plaintiff,

v.

AMERICAN NATIONWIDE MORTGAGE, INC., et al.,

    Defendants.

2:10-CV-436 JCM (LRL)

### ORDER

Presently before the court is plaintiff Western Thrift & Loan's motion to remand. (Doc. #12). Defendant Gerald Sandler filed an opposition. (Doc. #21). To date, no reply has been filed.

Also before the court is defendant Sandler's motion to transfer this proceeding to the Central District of California. (Doc. #10). Plaintiff filed an opposition to the motion to transfer. (Doc. #14). Defendant Sandler filed a reply. (Doc. #17).

Also before the court is defendant Sandler's motion to dismiss. (Doc. #11). Plaintiff filed an opposition. (Doc. #18). Defendant Sandler filed a reply to the opposition. (Doc. #22).

Plaintiff filed its complaint in the Eighth Judicial District Court, Clark County, Nevada, against defendant Sandler, defendant American Nationwide Mortgage, Inc. (hereinafter "American"), and defendants Scott Heyden, Tyson Rondeau, Stacy D'Amato, Randolph Stratt, Cara Maria Gudelis, Panther Valley Funding, Fat Cat Real Estate, LLC, Eugene Terry, and Chad R. Ackerson (hereinafter "defendants"). Homeowners Lending Corporation (hereinafter "Homeowners") is not

**James C. Mahan**
**U.S. District Judge**

1  named as a defendant, and was not served with the complaint. However, the complaint referenced
2  Homeowners numerous times in connection with defendant Sandler, who acted as the president of
3  Homeowners. Homeowners voluntarily responded with defendant Sandler in his answer to the
4  complaint. Plaintiff's amended complaint expressly states that Homeowners is not a party.

5  In its complaint, plaintiff seeks indemnification from defendant Sandler for acts relating to
6  the Homeowners agreement with plaintiff, and alleges breach of contract, unjust enrichment, and
7  other state-law claims. Plaintiff maintains defendant Sandler can be held personally liable, since
8  defendant Sandler signed the Homeowners agreement as president of Homeowners and
9  "individually."

10  On March 29, 2010, defendant Sandler and Homeowners removed the case to this court
11  pursuant to 28 U.S.C. §§ 1334 and 1452 as an action "related to" a title 11 action. Prior to this
12  action, Homeowners filed a voluntary chapter 7 bankruptcy proceeding in the Central District of
13  California. Defendant Sandler is not involved personally in that, or any other, bankruptcy
14  proceeding.

15  **A. Motion to Remand to State Court**

16  In its motion to remand, plaintiff argues that removal was inappropriate because there is no
17  basis for federal jurisdiction under title 11. Plaintiff asserts that because defendant Sandler signed
18  the Homeowners agreement both as a company official and individually, he may be sued in his
19  individual capacity. Furthermore, plaintiff maintains that because defendant Sandler is being sued
20  personally, Homeowners is not a party to this action and will not be affected by the outcome of the
21  case against defendant Sandler.

22  Under 28 U.S.C. § 1334(b) district courts have jurisdiction over cases "arising in or related
23  to cases under title 11." To determine whether a case relates to a title 11 action, the Ninth Circuit
24  asks whether "the outcome of the proceeding could conceivably have any effect on the estate being
25  administered in bankruptcy." *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (quoting *Pacor, Inc. v.*
26  *Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)).

27  However, prior to determining the possible effect, the court must first determine the merits
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1 of the alleged connection between the bankruptcy proceeding and the civil proceeding. *See American Hardwoods Inc. v. Deutsche Credit Corp.*, 885 F.2d 621, 623-624 (9th Cir. 1989); *In re Fietz*, 852 F.2d at 458; *Pacor*, 743 F.2d at 994-96. Here, defendant Sandler claims that a connection exists between Homeowners' bankruptcy estate and this case, by asserting he cannot be held personally liable under the language and intent of the contract.

Where a contract requires individual responsibility, the usual practice is that the party sign twice: once as an officer of the company, and once individually. *See Israel v. Chabra*, 537 F.3d 86 (2d Cir. 2008). As evidenced by the Homeowners agreement (doc. #10-1), defendant signed once as "Gerald Sandler, President HLC," and once as "Gerald Sandler, Individually." The dual signatures show that defendant Sandler agreed to individual responsibility. Since the plaintiff clearly states it is suing defendant Sandler personally, this lawsuit is not connected to the bankruptcy proceeding. Therefore, this court does not have jurisdiction.

Accordingly, this case is remanded.

**B.     Motion to Transfer to the Central District of California**

Pursuant to 28 U.S.C. § 1412, defendant Sandler seeks to transfer this case to the Central District of California, where the action against Homeowners is pending. Because this action is remanded to state court, this motion is moot.

**C.     Motion to Dismiss**

Defendant Sandler has moved to dismiss claims one, two, three, four, and nine against him under Federal Rule of Civil Procedure 12(b)(6). However, this court declines to determine the merits of defendant Sandler's motion, in light of the remand to state court.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff's motion to remand (doc. #12) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant Sandler's motion to dismiss the claims against him (doc. #11) be, and the same hereby is, DENIED as moot.

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

IT IS FURTHER ORDERED that defendant Sandler's motion to transfer (doc. #10) be, and the same hereby is, DENIED as moot.

DATED September 1, 2010.

_____
UNITED STATES DISTRICT JUDGE